While I concur with the majority's treatment of the first assignment of error, it is my view that the constitutional issue raised by appellant is not properly before this court; therefore, I must dissent from the majority's treatment of the second assignment of error affirming the constitutionality of R.C. 2929.14(C).
R.C. 2929.14(C) provides that a court may impose the maximum sentence upon offenders who "committed the worst forms of the offense" or "pose the greatest likelihood of committing future crimes". In this case, the trial court found both the worst form of the offense and a high probability of recidivism.
In his second assignment of error, appellant challenges the constitutionality of R.C. 2929.14(C) on the basis that the "worst form of the offense" language contained in that section is vague. However, for the purposes of this case, a review of that issue is inappropriate based on the ensuing analysis. The fact that the trial court made a finding that appellant was likely to commit the offense again was sufficient to support the imposition of the maximum sentence. Therefore, regardless of the constitutionality of the "worst forms of the offense" language, appellant would still be properly sentenced to the maximum term of imprisonment.
The Supreme Court of Ohio has held that "`[c]onstitutional questions will not be decided until the necessity for a decision arises on the record before the court.'" Christensen v. Bd. of Commrs. on Grievancesand Discipline (1991), 61 Ohio St.3d 534, 535, quoting State ex rel.Herbert v. Ferguson (1944), 142 Ohio St. 496, paragraph two of the syllabus. In my view, the record before this court in the instant matter does not compel us to address the constitutionality of R.C. 2929.14(C).